**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM LOGGINS,

      Plaintiff-Appellant,

v.

FRED PHILS, Medical Director,
Sedgwick County Detention Facility;
SEDGWICK COUNTY MEDICAL
STAFF,

      Defendants-Appellees.

No. 00-3402
(D.C. No. 00-CV-3251-GTV)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

    William Loggins brought this pro se action under 42 U.S.C. § 1983,

alleging his civil rights were violated when the medical staff at the Sedgwick

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

County (Kansas) Detention Facility dispensed medication to him without first performing a physical examination or securing a doctor's prescription. Mr. Loggins claims he has suffered significant side effects as a result of taking the medication. The district court concluded that Mr. Loggins' complaint failed to state a claim on which relief could be granted and dismissed it pursuant to Fed.R.Civ.P. 12(b)(6). We affirm.

We review de novo the district court's dismissal of a complaint under Rule 12(b)(6). *Sutton v. Utah State School for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Because Mr. Loggins is proceeding pro se, his pleadings are to be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, a pro se plaintiff retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

We have carefully reviewed the record on appeal, and affirm the district court's dismissal for substantially the reasons stated in its Order of December 5, 2000. Mr. Loggins states, at most, a claim of medical malpractice. While prisons are obligated to provide medical care to their inmates, *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106. Mr. Loggins has alleged no facts that evidence the "deliberate indifference to serious medical needs [that] is necessary in order to have a semblance of a § 1983 case." *Daniels*

*v. Gilbreath*, 668 F.2d 477, 482 (10th Cir. 1982).

The dismissal by the district court is **AFFIRMED**. Mr. Loggins is reminded of his continuing obligation to make partial payments of the docketing fees until they are fully paid.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge